UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

YOSDEL PEREZ
and other similarly situated individuals,

    Plaintiff(s),

v.

OTTOMAN RESTAURANT, INC.
d/b/a SULTAN MEDITERRANEAN EST. 1988
a/k/a SULTAN MIAMI BEACH,
and GURSEL SEZGIN, individually

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff YOSDEL PEREZ and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant OTTOMAN RESTAURANT, INC., d/b/a SULTAN MEDITERRANEAN EST. 1988, a/k/a SULTAN MIAMI BEACH, and GURSEL SEZGIN, individually and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for retaliation and unpaid overtime wages, under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff YOSDEL PEREZ is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant OTTOMAN RESTAURANT, INC., d/b/a SULTAN MEDITERRANEAN EST. 1988, a/k/a SULTAN MIAMI BEACH (hereinafter SULTAN RESTAURANT, or Defendant) is a Florida corporation, having place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant. Defendant was and is engaged in interstate commerce.

4. The individual Defendant GURSEL SEZGIN was and is now, the owner/officer and manager of Defendant Corporation SULTAN RESTAURANT. Defendant GURSEL SEZGIN is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Miami/Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff YOSDEL PEREZ as a collective action to recover from Defendants regular wages, overtime compensation, liquidated damages, retaliatory damages and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after July 2016, (the "material time") without being properly compensated.

7. Defendant SULTAN RESTAURANT is a Mediterranean restaurant located at 1903 Collins Avenue, Miami Beach Florida 33139, where Plaintiff worked.

8. Defendant SULTAN RESTAURANT employed Plaintiff YOSDEL PEREZ as a cook from approximately September 2009 to September 17, 2016, or more than 9 years. However, for FLSA purposes, Plaintiff relevant time of employment is 9 weeks.

9. Plaintiff was hired as a non-exempted cook, and during his relevant employment period, he was paid bi-$1,120.00 with checks, plus $370.00 in cash for a total of $1,490.00 bi-weekly or $745.00 per week.

10. While employed by Defendants, Plaintiff worked 6 and 7 days per week from 9:00 AM to 8:00 PM (11 hours daily), resulting in 66 and 77 hours per week. Nevertheless, whenever there was an event in Miami Beach, Plaintiff worked more than 77 hours weekly. SULTAN RESTAURANT's hours of operation are from Monday to Wednesday from 10:00 AM to 3:00 AM; and from Thursday to Sunday from 10:00 AM to 5:00 AM.

11. During Plaintiff's relevant period of employment, or 9 weeks, he worked 6 days per week a minimum of 66 hours weekly. Plaintiff was unable to take bona-fide lunch periods.

12. Plaintiff was paid a salary of $745.00 weekly intended to cover all his hours worked, but he was not paid for overtime hours.

13. Plaintiff did not clock-in and out because Defendants did not use any time keeping device, but the owner of the business GURSEL SEZGIN managed the business and he was able to keep track the hours worked by Plaintiff and other similarly situated individuals.

14. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

15. For more than 9 years, Plaintiff worked 77 and more hours without receiving any payment for overtime hours. On or about August 31, 2016, Plaintiff complained to the owner and manager of the business GURSEL SEZGIN.  Plaintiff demanded to be paid for overtime hours.

16. After Plaintiff's complaint, the owner of the business and manager GURSEL SEZGIN began to harass Plaintiff. The manager constantly threatened Plaintiff with firing and cutting his days and hours of work.

17. On or about September 17, 2016, GURSEL SEZGIN fired Plaintiff using pretextual reasons.

18. Plaintiff YOSDEL PEREZ seeks to recover half-time overtime wages for every hour in excess of 40 that he worked during the relevant employment period, liquidated damages, retaliatory damages, and any other relief as allowable by law.

19. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME

20. Plaintiff YOSDEL PEREZ re-adopts every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

21. This cause of action is brought by Plaintiff YOSDEL PEREZ  as a collective action to recover from Defendants overtime compensation, liquidated damages, costs and

reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after July 2016, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

22. Defendant SULTAN RESTAURANT was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as a touristy restaurant and is engaged in interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently ordering restaurant supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the proportional annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

23. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

24. Defendants SULTAN RESTAURANT and GURSEL SEZGIN employed Plaintiff YOSDEL PEREZ as a cook from approximately September 2009 to September 17, 2016,

or more than 9 years. However, for FLSA purposes, Plaintiff relevant time of employment is 9 weeks.

25. Plaintiff was hired as a non-exempted cook, and during his relevant employment period, he was paid bi-$1,120.00 with checks, plus $370.00 in cash for a total of $1,490.00 bi-weekly or $745.00 per week.

26. During the relevant employment period, Plaintiff worked 6 days per week from 9:00 AM to 8:00 PM (11 hours daily), resulting in 66 hours per week. Plaintiff was unable to take bona-fide lunch periods.

27. Plaintiff was paid a salary of $745.00 weekly intended to cover all his hours worked, but he was not paid for overtime hours.

28. Plaintiff did not clock-in and out because Defendants did not use any time keeping device, but the owner of the business GURSEL SEZGIN managed the business and was able to keep track the hours worked by Plaintiff and other similarly situated individuals.

29. Therefore, Defendants willfully failed to pay Plaintiff minimum wages, and overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

30. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain time accurate records of hours worked by Plaintiff and other employees.

31. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

32. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

33. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

34. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

    * Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       One Thousand Three Hundred Twenty-Two Dollars and 10/100 ($1,322.10)

    b. <u>Calculation of such wages</u>:

       Total time of employment: 366 weeks
       Total number of relevant weeks: 9 weeks
       Total hours worked: 66 hours weekly
       Total overtime hours: 26 hours
       Salary paid: $745.00 weekly: 66 hours=$11.29
       Regular rate: $11.29 x 1.5= $16.94 O/T rate
       O/T rate: $16.94-$11.29= $5.65 half-time difference

       Half-time diff. $5.65 x 26 O/T hours=$146.90 weekly x 9 weeks=$1,322.10

    c. <u>Nature of wages (e.g. overtime or straight time)</u>:

       This amount represents unpaid overtime wages.

35. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

36. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

37. At the times mentioned, individual Defendant GURSEL SEZGIN was the owner and manager of SULTAN RESTAURANT. Defendant GURSEL SEZGIN was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of SULTAN RESTAURANT in relation to their employees, including Plaintiff and others similarly situated. Defendant GURSEL SEZGIN had absolute financial and operational control of the Corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

38. Defendants SULTAN RESTAURANT and GURSEL SEZGIN willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

39. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff YOSDEL PEREZ and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff YOSDEL PEREZ and other similarly situated individuals and against the Defendants SULTAN RESTAURANT and GURSEL SEZGIN based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff YOSDEL PEREZ actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff YOSDEL PEREZ demands trial by jury of all issues triable as of right by jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE

40. Plaintiff YOSDEL PEREZ re-adopts every factual allegation as stated in paragraphs 1-19 of this complaint as if set out in full herein.

41. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

42. Defendant SULTAN RESTAURANT was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as a tourist restaurant and is engaged in interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently ordering restaurant supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the gross revenue of the Employer/Defendant was always, in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

43. Plaintiff and those similarly situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

44. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

45. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…."

46. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed

any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

47. Defendants SULTAN RESTAURANT and GURSEL SEZGIN employed Plaintiff YOSDEL PEREZ as a cook from approximately September 2009 to September 17, 2016, or more than 9 years. However, for FLSA purposes, Plaintiff relevant time of employment is 9 weeks.

48. Plaintiff was hired as a non-exempted cook, and during his relevant employment period, he was paid bi-$1,120.00 with checks, plus $370.00 in cash for a total of $1,490.00 bi-weekly or $745.00 per week.

49. While employed by Defendants, Plaintiff worked 6 and 7 days per week from 9:00 AM to 8:00 PM (11 hours daily), resulting in 66 and 77 hours per week. Nevertheless, whenever there was an event in Miami Beach, Plaintiff worked more than 77 hours weekly.

50. During Plaintiff's relevant period of employment or 9 weeks, he worked 6 days per week of 66 hours weekly. Plaintiff was unable to take bona-fide lunch periods.

51. Plaintiff was paid a salary of $745.00 weekly intended to cover all his hours worked, but he never was paid for overtime hours.

52. Plaintiff did not clock-in and out because Defendants did not use any time keeping device, but the owner of the business GURSEL SEZGIN managed the business and was able to keep track the hours worked by Plaintiff and other similarly situated individuals.

53. Therefore, Defendants willfully failed to pay Plaintiff minimum wages, and overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

54. For more than 9 years Plaintiff worked many hours in excess of 40 weekly, without receiving any payment for overtime hours. On or about August 31, 2016 Plaintiff complained to the owner and manager of the business GURSEL SEZGIN. Plaintiff demanded to be paid for overtime hours at the rate of time and one half his regular rate.

55. This complaint constituted protected activity under the Fair Labor Standards Act.

56. After Plaintiff's complaint, GURSEL SEZGIN began to harass Plaintiff. This manager constantly threatened Plaintiff with firing and cutting his days and hours of work.

57. On or about September 17, 2016, GURSEL SEZGIN fired Plaintiff using pretextual reasons.

58. At all time during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

59. There is proximity between Plaintiff's protected activity and his termination.

60. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

61. At the times mentioned, individual Defendant GURSEL SEZGIN was the owner and manager of SULTAN RESTAURANT. Defendant GURSEL SEZGIN was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of SULTAN RESTAURANT in relation to their employees, including Plaintiff and others similarly situated. Defendant GURSEL SEZGIN had absolute financial and operational control of the Corporation, he determined terms and working conditions of

Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

62. Plaintiff YOSDEL PEREZ seeks to recover overtime wages for every hour in excess of 40 that he worked, liquidated damages, retaliatory damages, and any other relief as allowable by law.

63. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff YOSDEL PEREZ respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants SULTAN RESTAURANT and GURSEL SEZGIN that Plaintiff recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants SULTAN RESTAURANT and GURSEL SEZGIN to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff YOSDEL PEREZ further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff YOSDEL PEREZ demands trial by jury of all issues triable as of right by jury.

Dated:  August 5, 2019

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*